UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

OSIRIS MOSLEY,  :

              Plaintiff,  :

        -against-  :

MICHAEL MCINTOSH,  :

            Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

08 Civ. 9635 (PKC)(THK)

**REPORT AND RECOMMENDATION**

PRO SE

**TO: HON. P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, purports to bring this action under 42 U.S.C. § 1983, alleging that Defendant, an Assistant District Attorney for New York County, made defamatory statements about Plaintiff during criminal proceedings against him in state court. The case has been referred to this Court for general pretrial supervision. Because Plaintiff states no civil rights claim, and Defendant is absolutely immune from liability for statements made during criminal proceedings in court, the Court respectfully recommends that the Amended Complaint be dismissed pursuant to the screening provision for in forma pauperis actions. See 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing sua sponte dismissal of such cases where a plaintiff "fails to state a claim on which relief may be granted").

According to Plaintiff's Amended Complaint, this case arises out of his appearance in New York state court on September 15,

2008, to face charges of robbery. (See Plaintiff's Amended Complaint, dated January 13, 2009 ("Am. Compl.") at 3). Plaintiff asserts that, during these proceedings, Defendant, who was assigned to prosecute Plaintiff's case, "stated in open court," and in the presence of Plaintiff's friends and family, that Plaintiff "was HIV positive and also had the [tuberculosis] virus." (Id.) Plaintiff complains that his medical history was not in issue, and that he has never tested positive for either HIV or tuberculosis. (See id.) He contends that Defendant, acting under color of state law but outside the scope of his duties, caused members of his family and community to believe that he has HIV and tuberculosis, causing Plaintiff to suffer psychological distress. (See id.)

On February 23, 2009, this Court granted Plaintiff until April 3, 2009 to serve process on Defendant. Because Plaintiff's attempts to serve Defendant have thus far been unsuccessful, he now seeks additional time to complete service. He also seeks leave to file a Second Amended Complaint, which regurgitates the allegations that Defendant misstated Plaintiff's medical history during his appearance in state criminal court. (See Proposed Second Amended Complaint, dated Mar. 22, 2009 ("2d Am. Compl."), at 3.)

Like 28 U.S.C. § 1915A, which allows a court to dismiss facially deficient civil actions by prisoners against government officials sua sponte, § 1915(e) provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Second Circuit has withheld decision on whether, like § 1915A, § 1915(e) authorizes sua sponte dismissals with prejudice. Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) ("We see no need to resolve that question at this time as § 1915A permits dismissal with prejudice."). Particularly for in forma pauperis actions, "notice and an opportunity to be heard is often necessary to establish the fairness and reliability of a dismissal." Abbas, 480 F.3d at 639. However, such precautions may be unnecessary if "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003) (quoting Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999)).

Prosecutors are absolutely immune from liability under § 1983 for any conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all

3

acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)). The most basic protected activities are "the initiation of a prosecution and the presentation of the Government's case." Powers v. Coe, 728 F.2d 97, 103 (2d Cir. 1984) (internal citations and quotation marks omitted). Absolute immunity further extends to a prosecutor's "appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing," Burns v. Reed, 500 U.S. 478, 492, 111 S. Ct. 1934, 1942 (1991), as well as to a prosecutor's negotiation of a plea agreement, "communications with other officials directly pertaining to matters of sentencing," and "actions in connection with a bail application," Pinaud v. County of Suffolk, 52 F.3d 1139, 1149-50 (2d Cir. 1995).

Accordingly, it is firmly established that a prosecutor cannot be sued under § 1983 on the basis of statements made in court during criminal proceedings against a defendant. See Kalina v. Fletcher, 522 U.S. 118, 124-25, 118 S. Ct. 502, 506-07 (1997) (explaining that at common law, which informs the scope of prosecutorial immunity under § 1983, prosecutors could not be

4

sued for "defamation based on statements made during trial");
Burns, 500 U.S. at 479, 111 S. Ct. at 1935 (same); Pinaud, 52
F.3d at 1149-50 (holding that absolute immunity covered claims
that a district attorney made "misrepresentations to a grand
jury"); Phillips v. Kiser, No. 05-2545, 172 Fed. Appx. 128, 129,
2006 WL 721818, at *1 (8th Cir. 2006) (per curiam) ("[W]e agree
with the district court that [the defendant] had absolute
immunity with respect to the alleged false statements to the
state court . . . .").

Thus, it is clear that Plaintiff cannot sue Defendant on the
basis of in-court misstatements about Plaintiff's medical
history.   It is true that § 1983 may support claims against
prosecutors for actions taken outside their role as advocates for
the government, such as speaking to the press.   In those cases,
prosecutors are only entitled to qualified immunity.   See Buckley
v. Fitzsimmons, 509 U.S. 259, 277-78, 113 S. Ct. 2606, 2617-18
(1993) ("[A] prosecutor is in no different position than other
executive officials who deal with the press, and . . . qualified
immunity is the norm for them.") (internal citations omitted);
Lehman v. Kornblau, 134 F. Supp. 2d. 281, 292 (E.D.N.Y. 2001)
(declining to dismiss a defamation claim against prosecutors, and
explaining that "all of the prosecutors' challenged activities

5

are investigative or administrative activities for which only qualified immunity is available"). Here, however, the Amended Complaint plainly declares that Defendant uttered the statements in question "in open court" and "[d]uring . . . proceedings" against Plaintiff. (Am. Compl. at 3.) Similarly, the proposed Second Amended Complaint claims that "[d]uring [criminal] proceedings," Defendant "stated in open court" that Plaintiff was HIV positive and had tuberculosis. (See 2d Am. Compl. at 3.) The only way to read these allegations is that they presume Defendant was acting as an advocate for the state when he engaged in the conduct at issue. See Hill, 45 F.3d at 661. Defendant is therefore entitled to absolute immunity from Plaintiff's suit.

In addition, neither the Amended Complaint nor the proposed Second Amended Complaint states a federal claim. Though styled as a civil rights action, in substance the Amended Complaint seeks damages for defamation. "Defamation . . . is an issue of state law, not federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004). However, in "limited circumstances," plaintiffs may seek relief for government defamation as a matter of constitutional law under the "stigma plus" doctrine. Id.; see also Velez v. Levy, 401 F.3d

6

75, 87 (2d Cir. 2005) (setting forth the elements of a "stigma plus" claim); DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003) (same). This requires demonstrating both (i) an injury to the plaintiff's reputation resulting from a government official's false statement, and (ii) a "material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Sadallah, 383 F.3d at 38.   To satisfy the second element, a plaintiff must show the "deprivation of a liberty or a property interest protected by due process," such as a loss of property, termination of employment, or interference with a business interest.   Id.   Merely proving a "government-imposed stigma," without more, does not suffice.   Id.

Plaintiff claims that Defendant violated his privacy rights by "presenting to the public incorrect confidential medical information," and that Plaintiff has "suffered unimaginable harm" as a result.   (Am. Compl. at 3.)   The proposed Second Amended Complaint asserts that Defendant's statements "caused [Plaintiff's] long-term girlfriend" to stop seeing him, and "[have] led his close friends, family and neighborhood to believe that he was in fact infected with tuberculosis and [HIV], leading [Plaintiff] into psychological distress and turmoil."   (2d Am. Compl. at 3.)   At best, these damages only amount to the

"deleterious effects" of defamation, and therefore do not satisfy
the "plus" aspect of a "stigma plus" claim.  <u>Sadallah</u>, 383 F.3d
at 39; <u>see</u> <u>Valmonte v. Bane</u>, 18 F.3d 992, 1001 (2d Cir. 1994)
(explaining that damage to "romantic aspirations, friendships,
[or] self-esteem," in addition to "any other typical consequence
of a bad reputation," cannot satisfy the second element of a
"stigma plus" claim); <u>Houghton v. Cardone</u>, 295 F. Supp. 2d 268,
275 (W.D.N.Y. 2003) ("[P]laintiff alleges only that [he] suffered
'indignity' as a consequence of the allegedly defamatory
statements about him by defendants.  Under the case law, that
plainly does not meet the stigma-plus standard required for a §
1983 claim . . . .").  Consequently, neither the Amended
Complaint nor the proposed Second Amended Complaint states a
cognizable claim under § 1983, and Plaintiff's action is subject
to dismissal on that basis as well.

Furthermore, no matter what damages Plaintiff alleges, he
cannot conceivably assert any claim to relief against Defendant
based on allegedly defamatory statements made during criminal
proceedings in court.  In making such statements, Defendant would
unavoidably be acting as an advocate for the state, and therefore
protected by absolute immunity.  It is thus "unmistakably clear"
that allowing Plaintiff to file the Second Amended Complaint —

8

or, indeed, any amendment to his pleading seeking relief based on the statements described — would be futile.  See Mojias, 351 F.3d at 610-11; Jackson v. Mukasey, No. 806 Civ. 1284 (LEK)(DRH), 2006 WL 3313983, at *2 (N.D.N.Y. Nov. 14, 2006) (dismissing with prejudice in forma pauperis claims against district judges, pursuant to § 1915(e), because defendants were entitled to absolute immunity); Stankowski v. Farley, 487 F. Supp. 2d 543, 558, 569 (M.D. Pa. 2005) (dismissing with prejudice in forma pauperis claims against a district attorney, pursuant to § 1915(e), because defendant was entitled to absolute immunity); see also Van Buskirk v. The New York Times Co., 325 F.3d 87, 92 (2d Cir. 2003) (affirming the dismissal of a complaint with prejudice where "further amendment . . . would be futile").

Finally, Plaintiff will have the opportunity to object to this Report and Recommendation.  This assures the "fairness and reliability of a dismissal" under § 1915 by granting Plaintiff an "opportunity to be heard" about the merits of his action.  See Abbas, 480 F.3d at 639.  There is no thus no need to invite additional briefing for the purpose of allowing Plaintiff to "oppose a contemplated sua sponte dismissal."  Id.

For the reasons set forth above, the Court respectfully recommends that the District Court exercise its authority

9

pursuant to § 1915(e)(2)(B)(ii) and dismiss the Amended Complaint with prejudice.   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.   See also Fed. R. Civ. P. 6(a) and (d).   Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, United States District Judge, and to the chambers of the undersigned, Room 1660.   Any requests for an extension of time for filing objections must be directed to Judge Castel.   Failure to file objections will result in a waiver of those objections for purposes of appeal.   See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:      April 22, 2009
            New York, New York

10

Copy mailed this date to:

Osiris Mosley
349-08-15586
G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370