```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-29-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
OSIRIS MOSLEY,

                        Plaintiff,                  08 Civ. 9635(PKC)

         -against-                            ORDER ADOPTING REPORT
                                                           AND RECOMMENDATION

MICHAEL MCINTOSH,

                        Defendant.
----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        I referred this action brought under 42 U.S.C. § 1983 to Magistrate Judge Theodore H. Katz. Magistrate Judge Katz issued a Report and Recommendation recommending that the plaintiff's amended complaint be dismissed under the screening mechanism for in forma pauperis actions. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has timely filed an objection to the R &R. I will review de novo the Magistrate Judge's R & R.

        The heart of Mr. Mosley's amended complaint is the claim that the defendant, an assistant district attorney, disclosed in open court in a proceeding against Mr. Mosely that he was HIV positive and also had the TB virus. The defendant's statements were made in open court in the course of acting as a prosecutor. As Magistrate Judge Katz concluded, under any theory potentially applicable to the claim, the defendant is absolutely immune from suit. The Supreme Court has recently reconfirmed that prosecutors are absolutely immune from liability in section 1983 lawsuits based on prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." Van De Kamp et al. v. Goldstein, 555 U.S.___, 129 S.Ct. 855, 859-60, 172 L.Ed.2d 706 (Jan. 26, 2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from

2

liability for damages regardless of the wrongfulness of his motive or the degree of injury caused[.]" Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir.2004) (citation omitted).

Upon a de novo review, the R&R is adopted in its entirety and the amended complaint is DISMISSED. The Clerk shall enter judgment for the defendant.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies that any appeal from this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 29, 2009